177 So. 176

## MILLER v. STATE.
### 4 Div. 391.

Court of Appeals of Alabama.
Nov. 16, 1937.

177 So. 170

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In this case it appears from the record, that this appellant is a white woman, about 40 years of age, and that she ran a two-horse farm in Coffee county.

At the March term, 1937, of the circuit court of Coffee county (Elba jurisdiction), she was regularly indicted charged with the offense of buying, receiving, concealing, or aiding in concealing 780 pounds of cotton-seed of the value of $14.82, the personal property of J. A. Ballard, knowing that it was stolen, and not having the intent to restore it to the owner.

The indictment was in proper form and substance, and no objection by demurrer or otherwise was interposed thereto.

Upon arraignment, in answer to the indictment, she interposed her plea of not guilty. Thus the trial court had jurisdiction of the subject matter and of the person. The trial resulted in the conviction of the defendant as charged in the indictment. From the judgment of conviction this appeal was taken.

The appellant was represented by counsel in the court below, but pending the entire trial no exception was reserved to any ruling of the court. No special charges were requested, nor was there a motion for a new trial. The question of the sufficiency of the evidence to sustain the verdict of the jury was, therefore, not raised, hence no point of decision is here presented for our consideration, except the regularity of the record. We find the record proper in this case is free from irregularity. The lower court having, as stated, complete jurisdiction, and the judgment of conviction, from which this appeal was taken, being grounded in a verdict accurately responding to the indictment, the adjudication of guilt, and the sentence imposed therefor, cannot be void.

No error appearing upon the record, and no ruling of the lower court having been invoked upon the trial, we must perforce order that the judgment of conviction from which this appeal was taken be affirmed.

Affirmed.